UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23590-BLOOM/Louis

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## STIPULATED PROTECTIVE ORDER

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Entry of Stipulated Protective Order, ECF No. [62] ("Motion"). The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [62]**, is **GRANTED**.

Plaintiff and Defendants (collectively, the "Parties," and, individually, a "Party") stipulate and agree as follows:

1.    CONFIDENTIAL INFORMATION means information not already publicly available that constitutes: (1) personal or financial information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; and (2) trade secret or other confidential research, development, or commercial information contemplated under Federal Rule of Civil Procedure 26(c).

2.    CONFIDENTIAL INFORMATION may include information in categories such as contracts, information that is required by contract to be kept confidential, non-public financial information, and competitively sensitive information, including but not limited to operations

information and processes, development processes, business plans, business strategies, market research studies and results, distribution channels and procedures, and performance data.

Any translations of "Confidential" information and documents shall bear the same designation as the original information and documents.

All such documents and information, or copies thereof, may be considered and treated as CONFIDENTIAL INFORMATION under this Stipulated Protective Order if marked with the legend "Confidential."

No Party shall be held or considered to have waived any rights or privileges by the inadvertent production of a document the Party wishes to designate as "Confidential" so long as the receiving Party is notified promptly after the disclosing Party discovers the inadvertent production and a new copy of the document bearing the label "Confidential" is provided to the receiving Party. Upon receipt of the new copy of the document bearing the label "Confidential," the receiving Party shall destroy the original and all copies of the inadvertently produced document. Documents produced prior to the signing of this Confidentiality Order may be subsequently marked with the legend "Confidential" and shall be considered and treated as CONFIDENTIAL INFORMATION subject to the terms of this Confidentiality Order. In designating information or items as CONFIDENTIAL INFORMATION, the designating Party shall make such designation only as to that information that it in good faith believes to be CONFIDENTIAL INFORMATION.

3. CONFIDENTIAL INFORMATION shall not be disclosed by the receiving Party without the prior written consent of the designating Party, except as follows:

> (a) Outside and inside counsel for the Parties (collectively, "Counsel");

    (b)    Counsel's employees to whom it is disclosed for purposes of this litigation;

    (c)    experts retained by the Parties (including both consulting and testifying experts); provided, however, that experts may be shown CONFIDENTIAL INFORMATION only where the information relates to the subject of his/her expertise;

    (d)    the Parties and their officers or employees;

    (e)    the Court and Court personnel;

    (f)    Court reporters, videographer services, translation services, photocopy services, document management services, records management services, graphics services, or such other litigation assistance services designated by a party or party's legal counsel in this litigation;

    (g)    Any private mediators used in this litigation, and their employees; and

    (h)    Any witness who is called to testify at a deposition or hearing in this litigation concerning documents or information designated as subject to this Protective Order or who otherwise will be shown or given access to documents or information designated as subject to the Protective Order during the deposition or hearing.

No disclosure of CONFIDENTIAL INFORMATION shall be made to any person pursuant to this paragraph 3(c) and (f) through (h) until such person has been provided with a copy of this Stipulated Protective Order and such person has agreed to be bound thereto by execution of a Confidentiality Agreement in the form attached to this Stipulated Protective Order. Counsel obtaining such agreements shall retain them and make them available to Counsel upon order of the Court.

    4.    A person who has agreed to be bound by this Stipulated Protective Order, as demonstrated by his or her execution of a Confidentiality Agreement, shall not disclose CONFIDENTIAL INFORMATION to any Party or any person other than those persons described

in paragraph 3, and then only for the preparation of this litigation, and in no event shall such person make any other use of such CONFIDENTIAL INFORMATION.

5. Any testimony relating to CONFIDENTIAL INFORMATION given in any deposition or other proceeding herein may be deemed CONFIDENTIAL INFORMATION subject to the terms of this Stipulated Protective Order. A Party may also make such designations in writing to the court reporter transcribing any deposition if the designations are made within ten (10) days after the transcript has been made available to the Party making the designations and a notice of such designations is also sent to opposing Counsel. The reporter shall then separately transcribe those portions of the testimony so designated and shall mark the fact of the transcript with the word "CONFIDENTIAL" and seal it in a separate envelope. Whenever any document designated as CONFIDENTIAL INFORMATION is identified as an exhibit in connection with testimony given in the proceedings, it shall be so marked and separately sealed.

6. If a Party plans to file CONFIDENTIAL INFORMATION with the Court, that Party shall abide by Local Rule 5.4 in order to properly file such CONFIDENTIAL INFORMATION under seal. In the event a motion to seal is denied, the specific information deemed by the producing Party to be CONFIDENTIAL INFORMATION shall be redacted prior to filing, if such redactions are permitted by the Court.

7. All CONFIDENTIAL INFORMATION shall be used solely and exclusively in connection with this litigation, and for no other purpose.

8. Nothing in this Stipulated Protective Order shall affect, or is intended to affect, the Parties' rights to designate materials as protected by the attorney-client privilege, work product doctrine, or other privilege or protection provided by applicable law.

9. Whenever CONFIDENTIAL INFORMATION is to be referred to or disclosed in a deposition, any Party claiming confidentiality may exclude from the room any person who is not entitled to receive CONFIDENTIAL INFORMATION; and if CONFIDENTIAL INFORMATION is to be referred to or disclosed at trial or a hearing, any party claiming confidentiality may seek leave from the Court to exclude from the room any person who is not entitled to receive CONFIDENTIAL INFORMATION.

10. Should any Party to whom CONFIDENTIAL INFORMATION is disclosed object to the classification of such materials as CONFIDENTIAL INFORMATION, the Parties shall meet and confer in good faith pursuant to Local Rule 7.1(a)(3) in an effort to resolve the dispute. In the event the objection cannot be resolved informally, then the Party opposing confidential status may apply to the Court for an order determining that the materials were not properly designated. The burden shall be on the designating Party to show good cause that the materials are deserving of the confidential classification. Until the Court rules to the contrary, all materials designated as CONFIDENTIAL INFORMATION shall be treated as prescribed in this Order. Moreover, to the extent any party must file CONFIDENTIAL INFORMATION in order to litigate the issue of the proper classification of the materials, or refer to such materials in a brief or other submission filed with the Court in connection with litigating the issue of the proper classification of the materials, the requirements of Paragraph 6 of this Stipulated Protective Order shall apply.

11. If desired, a Party who produced documents during the discovery process may request that the Party to whom the documents were produced either destroy or return the documents at the conclusion of the litigation. If such a request is made, then the party to whom the request is made shall destroy or return the documents, including all copies of the documents

that have been made, within sixty (60) days of the close of all legal proceedings, including any and all appeals, in this litigation.

12. After the close of all legal proceedings in this litigation, the restrictions on communications and disclosure provided for in this Stipulated Protective Order shall continue to be binding upon the Parties and all other persons who have agreed to be bound by this Stipulated Protective Order. The Court retains jurisdiction to make amendments, modifications, and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate.

13. If discovery in this action calls for the production of documents, testimony, or other materials from a third-party, and such third party believes that the information sought qualifies as CONFIDENTIAL INFORMATION, then, by order of the Court or written agreement of the Parties, such third party may designate such information as CONFIDENTIAL INFORMATION for the purposes of this Order by executing a Confidentiality Agreement in the form attached to this Stipulated Protective Order

**DONE AND ORDERED** in Chambers in Miami, Florida, on May 21, 2020.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23590-BLOOM/Louis

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## **CONFIDENTIALITY AGREEMENT**

    I have been provided with a copy of the Stipulated Protective Order that was entered by the Court in the above referenced action, a copy of which is attached to this Confidentiality Agreement. I have reviewed the Stipulated Protective Order, and I agree to be bound to its terms. I understand that if I violate the terms of the Stipulated Protective Order, then the Court could impose penalties upon me.

    Executed at _____, _____ on this ____ day of _____ 20____.

By:_____
    (Signature)

Print Name: _____