# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**Case No. 19-cv-21724**
**BLOOM/MCALILEY**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

MSC CRUISES SA,
MSC CRUISES SA CO, and
MSC CRUISES (USA) INC.,

    Defendants.

_____/

**Case No. 19-cv-23588**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

**Case No. 19-cv-23590**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS, LTD.,

    Defendant.

_____/

**Case No. 19-cv-23591**
**BLOOM/LOUIS**

**ORDER ON OMNIBUS REPORT AND RECOMMENDATION**
**REGARDING *DAUBERT* MOTIONS**

**THIS CAUSE** is before the Court upon Plaintiff's Motions to Exclude Opinion of Pablo Spiller[1] (the "Plaintiff's Motion"), and Defendants' Omnibus Motion to Exclude Testimony of Plaintiff's Experts, *Carnival* ECF No. [320], *MSC Cruises* ECF No. [207], *Royal Caribbean* ECF No. [129], *Norwegian* ECF No. [222] (the "Defendants' Motion"). The Motions were previously referred to the Honorable Chris M. McAliley for a Report and Recommendations ("R&R"). *See Carnival* ECF No. [393]. Judge McAliley issued a R&R recommending that the Motions be granted.[2] Plaintiff and Defendants timely filed objections[3] to the R&R and responses[4] to those objections. The Court has reviewed the Motions, the record and the applicable law, has conducted a *de novo* review of Judge McAliley's R&R in light of the objections, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue.").

**I.    BACKGROUND**

The parties do not object to the recitation of the relevant factual background, legal standards, and summaries of the experts' opinions set forth in the R&R. *See* R&R at 3-19, 37-38. As such, the Court adopts the factual background, legal standards, and summaries as stated in the

---

[1] *Carnival* ECF No. [328], *MSC Cruises* ECF No. [214], *Royal Caribbean* ECF No. [138], *Norwegian* ECF No. [226].

[2] *Carnival* ECF No. [485], *MSC Cruises* ECF No. [341], *Royal Caribbean* ECF No. [265], *Norwegian* ECF No. [378].

[3] *Carnival* ECF Nos. [501], [502], *MSC Cruises* ECF Nos. [358], [359], *Royal Caribbean* ECF Nos. [278], [279], *Norwegian* ECF Nos. [391], [392].

[4] *Carnival* ECF Nos. [511], [512], *MSC Cruises* ECF Nos. [363], [364], *Royal Caribbean* ECF Nos. [286], [287], *Norwegian* ECF Nos. [396], [397].

R&R.

### A. The Motions

In its Omnibus Order on the summary judgment motions, the Court concluded that Defendants are liable under the Helms-Burton Act, and thus the issue remaining for trial is Plaintiff's damages. As set forth in more detail in the R&R, Plaintiff intends to introduce at trial the testimony of five damages experts, Michael Garlich and James Patton, two civil engineers; Michael Dieters, a cost estimator; Franc Pigna, a port operations consultant; John Hentschel, a real estate appraiser; and one historian, José Azel. Defendants intend to introduce the testimony of one damages expert, Pablo Spiller.

In Defendants' Motion, Defendants request that the Court exclude the opinions of Plaintiff's experts arguing that their opinions are not reliable or helpful. In Plaintiff's Motion, Plaintiff requests that the Court exclude portions of Spiller's opinions as not relevant, and therefore not helpful.

### B. The R&R

In the R&R, Judge McAliley recommends that Defendants' Motion be granted and that the Court preclude testimony from all of Plaintiff's experts. The R&R further recommends that Plaintiff's Motion be granted and that the Court exclude two opinions offered by Spiller.

Specifically, the R&R concludes that Plaintiff's experts' opinions are unreliable because, by basing their fair market valuations on the assumption that the Terminal[5] is in the same condition today as it was in 1960, Plaintiff impermissibly creates its own blended concept of fair market value, contrary to the language of the Helms-Burton Act. For this reason, the R&R concludes that Plaintiff's damages experts must be excluded. In addition, the R&R concludes that Azel's

---

[5] The Court adopts defined terms as defined in the R&R.

testimony is irrelevant and not helpful.

With respect to Defendants' expert Spiller, the R&R concludes that his first opinion—that the Foreign Claims Settlement Commission ("FCSC") erred in valuing Plaintiff's claim—should be excluded because it would require the Court to disregard the FCSC's findings and conclusions. In addition, the R&R concludes that Spiller's second opinion with respect to the fair market valuation of the confiscated property in 1960 should be excluded as irrelevant because the Helms-Burton Act's damages provision allows a plaintiff to recover the greater of the amount of the certified claim or the fair market value, and Spiller's valuation is concededly lower than the amount of the certified claim. Even so, the R&R allows that the Court may want to consider if Spiller's lower valuation is the more "appropriate amount of liability." *See* 22 U.S.C. § 6082(a)(2).

### C. The Objections

#### *i. Plaintiff's Objections*

Plaintiff raises three objections to the R&R:

1) The R&R erroneously excludes Plaintiff's experts' opinions on fair market value because the experts' valuation is based on the Terminal's "effective age" when it was confiscated in 1960, which accounts for the physical depreciation during Plaintiff's possession, and reduces the current fair market value accordingly.

2) Azel's testimony remains relevant because none of the Defendants has stipulated that the inability to inspect the Terminal does not affect the reliability of Plaintiff's experts' value analysis.

3) To the extent that the R&R allows for the possibility that Defendants may argue that Spiller's 1960 valuation is the "more appropriate amount of liability," there is no context in which the opinion could be appropriate or helpful under the statute.

### *ii. Defendants' Objections*

Defendants assert two objections to the R&R's conclusions regarding the exclusion of Spiller's challenged opinions.

1) The Helms-Burton Act creates a rebuttable presumption regarding the FCSC's valuation, and the R&R, in excluding Spiller's first opinion, does not account for the distinction between the FCSC's determinations regarding *ownership* and those regarding *valuation*.

2) The R&R is incorrect to the extent that it concludes that Spiller's second opinion regarding the 1960 valuation of the Terminal is not relevant for any purpose—including to support the argument that the amount of the certified claim is not the appropriate amount of damages under 22 U.S.C. § 6082(a)(2).

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A court, in its

5

discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Ultimately, a district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *see also Macort*, 208 F. App'x at 783-84 (a district court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.") (quoting *Heath*, 863 F.2d at 822) (alteration omitted).

### III. DISCUSSION

At the outset, the Court notes that both sets of objections arise as a result of Judge McAliley's reading of the damages provision of the Helms-Burton Act, 22 U.S.C. § 6082(a). Specifically, the R&R recommends excluding Plaintiff's experts' opinions on fair market value because the damages provision provides a choice: recover the amount of the certified claim, or the fair market value of the property, either at the current time or the time of confiscation, and Plaintiff's experts depart from those options by creating a blended concept of fair market value. Similarly, the R&R recommends excluding the opinions of Defendants' expert Spiller on the basis that the FCSC's findings are conclusive and the Court may not reconsider them, and a plaintiff is entitled to recover the greater figure as the amount of damages. Resolving the objections requires that the Court examine the language of the statute, including the operation of the rebuttable

6

presumption in 22 U.S.C. § 6082(a)(2). Thus, the Court's analysis begins and ends with the language of the statute.

### A. Statutory Interpretation

With any question of statutory interpretation, the Court presumes that Congress "says in a statute what it means and means in a statute what it says there." *Conn. Nat. Bank v. Germain,* 503 U.S. 249, 254 (1992) (citing *United States v. Ron Pair Enterps., Inc.,* 489 U.S. 235, 241-42 (1989)) (further citations omitted). "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Silva*, 443 F.3d 795, 797-98 (11th Cir. 2006) (internal quotations omitted); *see Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (where "the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.") (internal quotation and citation omitted). "This is so because '[t]he plain language is presumed to express congressional intent and will control a court's interpretation.'" *Moss v. GreenTree-Al, LLC*, 378 B.R. 655, 658 (S.D. Ala. 2007) (quoting *United States v. Fisher*, 289 F.3d 1329, 1338 (11th Cir. 2002)) (alterations in the original). It is a court's duty "to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (citations omitted). And, "[w]hen interpreting a statute, words must be given their 'ordinary or natural' meaning[.]" *Leocal v. Ashcroft*, 543 U.S. 1, 8 (2004) (citation omitted). In any event, "[a] court 'should not interpret a statute in a manner inconsistent with the plain language of the statute, unless doing so would lead to an absurd result.'" *Moss*, 378 B.R. at 658 (quoting *Silva*, 443 F.3d at 798).

### B. Damages Provision of the Helms-Burton Act

The Helms-Burton Act provides monetary damages for trafficking in confiscated property. The portion of the statute, § 6082(a)(1)(A), provides that a person who traffics in confiscated property is liable to

> any United States national who owns the claim to such property for money damages in an amount equal to the sum of—
>
> (i) the amount which is the greater of—
>
> (I) the amount, if any, certified to the claimant by the Foreign Claims Settlement Commission under the International Claims Settlement Act of 1949 [22 U.S.C. 1621 et seq.], plus interest;
>
> [. . .] or
>
> (III) the fair market value of that property, calculated as being either the current value of the property, or the value of the property when confiscated plus interest, whichever is greater; and
>
> (ii) court costs and reasonable attorneys' fees.

22 U.S.C. § 6082(a)(1)(A). In addition, the statute provides further that—

> There shall be a presumption that the amount for which a person is liable under clause (i) of paragraph (1)(A) is the amount that is certified as described in subclause (I) of that clause. The presumption shall be rebuttable by clear and convincing evidence that the amount described in subclause (II) or (III) of that clause is the appropriate amount of liability under that clause.

22 U.S.C. § 6082(a)(2).[6]

### C. Fair Market Value (22 U.S.C. § 6082(a)(1)(A)(iii))

While the Helms-Burton Act does not contain a separate definition of "fair market value," subclause (III) does not simply state that a plaintiff may be entitled to "fair market value." Rather, the plain language of the statute sets forth how the "fair market value" is to be calculated; giving

---

[6] Subclause (II) refers to "the amount determined under section 6083(a)(2) of this title," which involves claims not certified by the FCSC, and does not apply in this case.

8

Plaintiff a choice to calculate the "fair market value" as either the current value of the property, or the value of the property when confiscated plus interest. Notwithstanding Plaintiff's objections, that is *not* what Plaintiff, through its experts, attempts to do here. According to Plaintiff, the Helms-Burton Act requires that the fair market value under subclause (III) value the specific interests confiscated from Plaintiff—44 years of concessionary rights to a well-maintained Terminal; and therefore, it contends its experts may permissibly assume that the effective age of the Terminal today is the same as in 1960 because such an assumption values the remaining economic benefit of Plaintiff's recoverable interests. However, the Terminal's effective age is only relevant to providing an estimate of the fair market value of the property *if* it is calculated as the value of the property at the time it was confiscated by the Cuban government, because the statute directs that fair market value may be calculated as *either* the current value *or* the value at the time the property was confiscated, not using element of both.

Plaintiff's experts purport to provide an estimate of the fair market value under subclause (III) by showing the current value of the property, not the value of the property at the time it was confiscated. As such, the condition of the property relevant to any current valuation is the current condition of the property, not the condition of the property when it was confiscated. Indeed, Plaintiff's expert Hentschel acknowledges that the condition of the property is not the same. *See* ECF No. [325-8] at 17 ("To value the property in its actual present physical condition (which photographs suggest would be considered to be fair to poor) . . . ."). In other words, the assumption underlying Plaintiff's experts' opinions regarding the condition of the property, as the R&R correctly notes, is faulty. The language in subclause (III), as the R&R correctly concludes, does not permit such mixing-and-matching. The Court thus agrees with the analysis contained in the

R&R, and the conclusion that the opinions of Plaintiff's experts, including Plaintiff's historian Azel, should be properly excluded. Plaintiff's first two objections are therefore overruled.

### D. Rebuttable Presumption (22 U.S.C. § 6082(a)(2))

Plaintiff's final objection and Defendants' objections implicate the R&R's interpretation of the rebuttable presumption in 22 U.S.C. § 6082(a)(2). Specifically, the Helms-Burton Act provides in pertinent part that—

> There shall be a presumption that the amount for which a person is liable under clause (i) of paragraph (1)(A) is the amount that is certified as described in subclause (I) of that clause. The presumption shall be rebuttable by clear and convincing evidence that the amount described in subclause . . . (III) of that clause is the appropriate amount of liability under that clause.

22 U.S.C. § 6082(a)(2).

Defendants' first objection asserts that the R&R does not distinguish between the FCSC's determinations of ownership as opposed to valuation, and that the statute permits them to show that the value given to a certified claim by the FCSC is incorrect. But a simple reading of subsection (a)(2) belies Defendants' assertion. Indeed, the statute clearly states that the presumption is "that the *amount* for which a person is liable . . . is the *amount* that is certified" by the FCSC. This section of the statute makes no distinction between ownership and value, and the R&R correctly did not consider such a distinction in concluding that Spiller's first opinion should be excluded.

Next, Defendants argue that this provision of the statute does not provide that only claim-holding plaintiffs may present evidence as to an alternate appropriate amount of liability, or that the certified amount may be rebuttable only by showing that the fair market value is *greater* than the amount by the FCSC. Thus, Defendants argue, a party that has been found liable under Helms-Burton is permitted to rebut the presumption that the amount of the certified claim is the

appropriate measure of damages by clear and convincing evidence that the amount of the claim is incorrect (and therefore not the "appropriate" amount), or that a presumably *lesser* fair market value is the more "appropriate" amount. In contrast, according to Plaintiff's interpretation of the statute, the amount of the certified claim provides the floor for damages, while allowing the possibility that a plaintiff may show by clear and convincing evidence that, if the fair market value is greater, the fair market value is the appropriate amount of liability.

Upon review, the Court concludes, as did the R&R, that Plaintiff's interpretation is correct. To be clear, the language of the statute does not preclude Defendants from presenting evidence to rebut the presumption, as it does not state that only a claim holding plaintiff may so attempt. But, to interpret the rebuttable presumption as Defendants urge—to allow evidence that a lesser amount is appropriate—would require that the Court ignore the specific references in subsection (a)(2) to clause (i) of paragraph (1)(A). To reiterate, section 6082(a)(1)(A) of the Helms-Burton Act provides that the person who traffics in property confiscated by the Cuban Government is liable

> for money damages in an amount equal to the sum of—
>
> (i)  the amount which is the ***greater*** of—

the amount of the certified claim plus interest, or as relevant here, the fair market value. 22 U.S.C. § 6082(a)(1)(A)(i)(I), (III) (emphasis added). Thus, in reading both sections of the statute together, two conclusions emerge. First, a plaintiff is unequivocally entitled to recover the greater amount of damages – whether it is the amount of the certified claim plus interest, or the fair market value. Second, if there is a certified claim and liability on the part of a defendant, a plaintiff will always be entitled to recover as damages no less than the amount of the certified claim, plus interest, as set forth in section 6082(a)(1)(A)(i). Thus, Plaintiff is correct that the amount of the certified claim constitutes the floor for damages.

The flaw in Defendants' interpretation of the statute is they neglect that, although there is a presumption that the amount of the certified claim is rebuttable as set forth in subsection (a)(2), a plaintiff is nevertheless always entitled to the *greater* amount pursuant to clause (i) of paragraph (1)(A). Defendants' suggested interpretation would require the Court to read "greater" out of clause (i) of paragraph (1)(A), in order to permit evidence, otherwise untethered to the language of the statute, of some other "appropriate" amount, which they contend may be lower. To read the statute in this way, however, would be contrary to the plain language of the statute. Thus, although the statute does not preclude liable parties from presenting evidence to rebut the presumption, they will probably choose not to do so, since a plaintiff is entitled to a *greater* amount. As such, the R&R's conclusions that Spiller's two challenged opinions are properly excluded is correct, and Defendants' objections are overruled.

### E. "Appropriate amount of liability"

Based upon this same reasoning, Plaintiff's third objection is meritorious. Specifically, while concluding that Spiller's challenged opinions should be excluded, the R&R notes that "Defendants may attempt to argue that Spiller's $1.5 million 1960 value is the more 'appropriate amount of liability' and if that is the case, the Court may wish to consider his opinion in that context." ECF No. [485] at 44. Plaintiff objects to this statement, arguing that there is no context in which this opinion would be appropriate or helpful. The Court agrees.

In keeping with the Court's previous analysis and interpretation of subsection (a)(2), the amount of liability is presumed to be the amount of the certified claim, but a plaintiff is entitled to recover the greater amount, which if shown by clear and convincing evidence, could be the fair market value. The statute does not contemplate that a plaintiff will ever recover an amount less than the amount of the certified claim, and therefore, there is no circumstance in which the statute

would permit a person found to be liable for trafficking to show a lesser amount to be an "appropriate amount of liability." Accordingly, to the extent that the R&R states that Spiller's 1960 value would be relevant for this purpose, the R&R is incorrect because such a statement is inconsistent with the plain language of the statute.

## IV.     CONCLUSION

Because the Court finds that the plain language of the statute is dispositive, no further analysis is necessary or proper. *See Birnholz v. 44 Wall St. Fund, Inc.*, 880 F.2d 335, 341 (11th Cir. 1989), *certified question answered*, 559 So. 2d 1128 (Fla. 1990) ("Thus, the cardinal rule of statutory construction is that '[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'") (quoting *Streeter v. Sullivan*, 509 So. 2d 268, 271 (Fla. 1987) (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (1931))).

Accordingly, it is **ORDERED AND ADJUDGED** that the R&R, *Carnival* **ECF No. [485]**, *MSC Cruises* **ECF No. [341]**, *Royal Caribbean* **ECF No. [265]**, *Norwegian* **ECF No. [378]**, is **ADOPTED**, except with respect to the conclusion that a lesser value may be the more "appropriate amount of liability" under the damages provision of the Helms-Burton Act, 22 U.S.C. § 6082(a)(2).

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of Record