# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**Case No. 19-cv-21724**
**BLOOM/MCALILEY**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

MSC CRUISES SA,
MSC CRUISES SA CO, and
MSC CRUISES (USA) INC.,

    Defendants.
_____/

**Case No. 19-cv-23588**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

**Case No. 19-cv-23590**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS, LTD.,

    Defendant.
_____/

**Case No. 19-cv-23591**
**BLOOM/LOUIS**

# ORDER ON DEFENDANTS' MOTION TO CONSOLIDATE CASES
# FOR DETERMINATION OF DAMAGES

**THIS CAUSE** is before the Court upon Defendants' Motion to Consolidate Cases for Determination of Damages[1] (the "Motion"). Plaintiff filed a Response to the Motion,[2] to which Defendants filed a Reply.[3] The Court has reviewed the Motion, the Response and the Reply, the record in each case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all the matters at issue in the actions; . . . consolidate the actions; or . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3). Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A decision to consolidate cases is discretionary. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (citing *Young*, 59 F.3d at 1168).

Defendants request that the Court consolidate these four cases for the determination of Plaintiff's damages based upon the fact that these cases present common issues of law and fact with respect to the issue of damages. Defendants further assert that the joint resolution of the issues would conserve resources and avoid inconsistent results. In response, Plaintiff does not oppose a joint trial on damages provided that procedural safeguards are in place to mitigate prejudice to

---

[1] *Carnival* ECF No. [525], *MSC Cruises* ECF No. [374], *Royal Caribbean* ECF No. [297], *Norwegian* ECF No. [411].

[2] *Carnival* ECF Nos. [530], *MSC Cruises* ECF Nos. [380], *Royal Caribbean* ECF Nos. [303], *Norwegian* ECF Nos. [417].

[3] *Carnival* ECF Nos. [535], *MSC Cruises* ECF Nos. [385], *Royal Caribbean* ECF Nos. [308], *Norwegian* ECF Nos. [422].

Plaintiff that may arise from trying the cases together. However, Plaintiff opposes the request to the extent that Defendants seek to obtain a judgment against them collectively.

Upon review, the Court determines that consolidation of these cases for a determination of damages is appropriate. Plaintiff does not oppose the request for a joint trial on the issue of damages. Moreover, the Court has already addressed, and rejected, in its Order on Defendants' Motion to Confirm the Applicability of the One-Satisfaction Rule, Defendants' contention that there is one injury in this case, such that they would be entitled to a single collective judgment in this case, notwithstanding a joint trial.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, *Carnival* **ECF No. [525]**, *MSC Cruises* **ECF No. [374]**, *Royal Caribbean* **ECF No. [297]**, *Norwegian* **ECF No. [411]**, is **GRANTED**. These cases are **CONSOLIDATED** for trial on the issue of damages. The parties are directed to file their motions *in limine*, if any, in **Case Number 19-cv-23591**. The Clerk of Court is directed to **CLOSE** case numbers 19-cv-21724, 19-cv-23588, and 19-cv-23590, for administrative purposes only.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 31, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record